UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUDIT SZENTE as mother and natural
guardian of minor, A.O.,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION, a Foreign
Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JUDIT SZENTE, as mother and natural guardian of minor A.O., sues Defendant ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION ("RCCL") and alleges:

## PARTIES

1. Plaintiff, JUDIT SZENTE, as mother and natural guardian of minor A.O. was and is a resident of the State of Florida at all times material to this Complaint.

2. Defendant, RCCL, was at all times material to this Complaint a foreign corporation authorized to do business in the State of Florida with its principal place of business in the State of Florida. Defendant RCCL was conducting business in Florida by operating as a common carrier cruise line at all times material to this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. Venue in the United States District Court for the Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

5. All other conditions precedent for filing and maintaining this action have been fulfilled, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

6. At all times material hereto, Defendants owned, operated, maintained, managed and/or controlled the cruise ship *Mariner of the Seas*.

7. On or about December 15, 2019, Plaintiff Judit Szente and her minor child A.O. were fare-paying passengers aboard the *Mariner of the Seas*, which left from Port Canaveral, Florida.

8. Judit Szente's minor child was four years old at the time of the cruise.

9. Plaintiff Judit Szente specifically chose Defendant RCCL because of RCCL's advertisements and promotional materials indicating that RCCL had safe childcare facilities that are staffed by trained employees.

10. Specifically, some of the promotional materials included the following statements:

    a. "It's all about the fun and it's all about keeping a safe and secure environment for the kids. That's our number one priority and of course the adventure ocean team makes sure it happens."

    b. "I would tell parents to rest easy, go enjoy, and know that your kids are having just as much fun as you are . . ."

    c. "Everybody in that room knows how to care for children and knows how to facilitate a group activity and knows how to respond to any situation."

11. On December 15, 2019, Judit Szente took her minor son to RCCL's Adventure Ocean childcare program and the minor son was placed in the room for children ages three to five years old.

12. RCCL undertook the duty to care for Judit Szente's minor son and to provide a safe area for Judit Szente's minor son while the minor was in the custody and care of RCCL.

13. A short time after dropping off her son, Judit Szente was called by employees for RCCL and told that her son had suffered a deep laceration on his head and was being taken to the onboard medical center.

14. One of the employees for RCCL that was responsible for supervising Judit Szente's minor son told Judit Szente that her son hit his head on a protruding metal object and that the room was not childproofed and that she knew it should have been childproofed given that small children were playing in the room, thus acknowledging her prior notice of a dangerous condition.

## COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-14 as if set forth herein.

15. On December 15, 2019, while aboard the *Mariner of the Seas*, Plaintiff's minor son suffered a severe laceration on his face that has resulted in permanent scarring after he struck his head on a sharp object protruding from a drawer in the childcare play area.

16. At all times material hereto, Defendant had a duty to use reasonable care under the circumstances, and to maintain the vessel, including the childcare facilities, in a reasonably safe condition and manner for their expected use.

17. Defendant also undertook a duty to provide childcare for children of passengers and this duty included properly supervising the children to prevent injuries.

18. Defendant breached its duty of care by committing one or more of the following acts and/or omissions, including, but not limited to:

    a. Failing to properly maintain the childcare facilities in a manner that were reasonably safe for children by permitting sharp, protruding objects in areas where children were instructed to play;

    b. Failing to adequately supervise the children in Defendant's custody and care to prevent them from suffering injuries;

    c. Failing to have an adequate number of staff to care for the children in Defendant's custody and care so that the staff could properly supervise the children and to ensure that no children were harmed;

    d. Failing to block off or prevent access by minor children, including minor A.O., to areas that included sharp and protruding objects;

    e. Failing to implement adequate policies and procedures for the childcare facility caring for children three to five years of age including policies and procedures that would have instructed staff to keep children away from areas that contained sharp and protruding objects;

    f. Failing to provide children with a safe area to play within the childcare facility that would not include sharp or protruding objects that would harm children given that Defendant undertook such a duty;

    g. Failing to adhere to industry standards for childcare facilities by failing to provide a safe space for children to play including an area that was free of sharp and protruding objects;

    h. Failing to inspect the childcare area frequently with individuals trained to identify conditions that would be dangerous for young children;

    i. Failing to comply with Defendant's own standards for safety in the childcare facility as set forth in Defendant's advertisements and promotional materials; and/or

    j. Failing to adequately "childproof" dangerous areas of the area that was designated as a childcare facility for children ages three to five years of age.

19. Defendant's breaches of its duties proximately caused this incident and A.O.'s injuries.

20. Defendant also either had knowledge or should have had knowledge of the dangerous condition that caused A.O.'s injury based off the statements made to Judit Szente by Defendant's employee and because the condition existed for a sufficient amount of time to put Defendant on notice of the dangerous condition.

21. As a proximate result of Defendant's negligence, A.O., minor son of Judit Szente, suffered severe and permanent injuries including pain and suffering, disability, disfigurement, mental anguish, inconvenience, scarring, loss of the capacity for enjoyment of life, and has incurred past medical expenses and will incur future medical expenses.

WHEREFORE, Plaintiff demands Judgment against Defendants for compensatory damages, costs, pre-judgment interest, and all other damages allowable by law, as well as any further relief this Court deems just and proper.

## COUNT II – FAILURE TO ADEQUATELY WARN

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 -14 as if set forth herein.

22. Defendant has a reasonable duty of care to warn passengers, including Judit Szente, of the dangerous conditions of which the cruise line has actual or constructive knowledge. This includes a duty to warn Judit Szente and her minor child A.O. about the dangerous conditions in the childcare facilities including the sharp object protruding in the areas where children are permitted to run and play.

23. In this case, Defendant knew about this dangerous condition because it created the dangerous condition and because Defendant's employee admitted knowing that the dangerous condition existed prior to the injury occurring.

24. Defendant failed to warn Plaintiff, through signage or any other means, of these dangerous conditions when A.O. was placed in the custody and care of Defendant's employees.

25. Defendant's breaches of its duties proximately caused this incident and A.O.'s injuries.

26. As a proximate result of Defendant's negligence, A.O., minor son of Judit Szente, suffered severe and permanent injuries including pain and suffering, disability, disfigurement, mental anguish, inconvenience, scarring, loss of the capacity for enjoyment of life, and has incurred past medical expenses and will incur future medical expenses.

WHEREFORE, Plaintiff demands Judgment against Defendants for compensatory damages, costs, pre-judgment interest, and all other damages allowable by law, as well as any further relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to 28 U.S.C.A. § 1333 and Federal Rule of Civil Procedure 39(c), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 30, 2020.

    Respectfully submitted,

    */s/ Zachary Bodenheimer*
    Zachary D. Bodenheimer
    Florida Bar No. 91322
    zdb@bodenheimerlawfirm.com
    Bodenheimer Personal Injury Law Firm
    4601 Sheridan Street, Suite 320
    Hollywood, FL 33021
    Email: zdb@bodenheimerlawfirm.com